O'BRIEN v. BUFFALO TRACTION CO.

(Supreme Court, Appellate Division, Fourth Department. June 18, 1898.)

1. TRIAL—FINDINGS—VALIDITY.

> Under Laws 1894, c. 688, depriving a trial court or referee of the right to find facts not embraced within the signed decision, facts so found and stated, which are inconsistent with those admitted in the pleading and those found in the signed decision, will be disregarded.

2. EMINENT DOMAIN—REMEDIES OF ABUTTERS—BURDEN OF PROOF.

> In an action to restrain a street-railroad company from building its road along a street, on the ground that the consent of the owners of half the value of the abutting property has not been obtained, the burden is on plaintiff to prove that fact.

Appeal from special term.

Action by Julia O'Brien against the Buffalo Traction Company. From a judgment dismissing the complaint on the merits, with costs, entered on a decision of a special term separately stating the facts found and the conclusions of law, plaintiff appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Frank M. Loomis, for appellant.

J. H. Metcalf, for respondent.

FOLLETT, J. This action was begun July 31, 1897, to restrain the defendant from constructing a street railroad in South Division street, between Main and Smith streets, in the city of Buffalo, on the ground that the defendant had not obtained the consents of the owners of one-half in value of the property bounded on South Division street between Main and Smith streets that its road might be constructed in said street, as required by section 18 of article 3 of the constitution of this state, and by section 91 of chapter 565 of the Laws of 1890 ("The Railroad Law"), as amended by chapter 855 of the Laws of 1896.

The section of the constitution above referred to provides:

> "But no law shall authorize the construction or operation of a street railroad except upon the condition that the consent of the owners of one-half in value of the property bounded on, and the consent also of the local authorities having control of, that portion of a street or highway upon which it is proposed to construct or operate such railroad be first obtained, or in case the consent of such property owners cannot be obtained, the appellate division of the supreme court, in the department in which it is proposed to be constructed, may, upon application, appoint three commissioners who shall determine, after a hearing of all the parties interested, whether such railroad ought to be constructed or operated, and their determination, confirmed by the court, may be taken in lieu of the consent of the property owners."

Section 91 of the railroad law, above referred to, so far as it is applicable to this case, provides:

"A street surface railroad, or extensions or branches thereof, shall not be built, extended or operated unless the consent in writing acknowledged or proved as are deeds entitled to be recorded, of the owners, in cities and villages, of one-half in value * * * of the property bounded on, and also the consent of the local authorities having control of that portion of a street * * * upon which it is proposed to build or operate such railroad shall have been first obtained. * * * The value of the property above specified shall be ascertained and determined by the assessment roll of the city * * * in which it is situated, completed last before the local authorities shall have given their consent."

January 6, 1896, the authorities of the city of Buffalo consented that the defendant might construct a street surface railroad in South Division street, between Main and Smith streets, the validity of which consent is not challenged. It is alleged in the complaint that in May, 1897, the defendant obtained the consent, in writing, of some of the owners of property on South Division street that it might construct a street surface railroad in said street, and that May 28, 1897, the board of assessors of the city of Buffalo certified that the signers of said consent represented the owners of one-half in value of the property bounded on said street, which consent and certificate were filed in the office of the clerk of the county of Erie, May 28, 1897; which allegation is admitted in the answer. The plaintiff does not assert that these consents were not duly obtained, authenticated, and filed, but she asserts that the consent of the Ellicott Square Company was erroneously counted as representing on the assessment roll of 1895 property assessed at $683,700, while such consent should have been counted as representing only $124,380. It is alleged in the complaint "that the total assessed land values on South Division street, from Main street to Smith street, is $3,813,478," which allegation is admitted in the answer. One-half of this sum is $1,906,739; so that, before the defendant had the right to build this road in this street, it was required to obtain the consents of the owners of property bounded on this street valued on the assessment roll of 1895 at $1,906,739, or, in lieu thereof, to obtain the consent of the appellate division of the Fourth department. It is alleged in the complaint that the defendant obtained written consents of the property owners on said street, including said Elliocott Square Company, whose property was assessed at $2,527,858. The aggregate assessment of all the property included within Ellicott Square on the assessment roll of 1895 was $683,780, but the plaintiff insists that only $124,380 of this assessment should be counted as consenting property. Deducting $124,380 from $683,780 leaves $559,400, which the plaintiff insists should be deducted from the sum of the consents,—$2,527,858. Deducting $559,400 from $2,527,858, the sum of the consents, leaves $1,968,458, or $61,719 more than one-half of the assessed value of the property.

If it be urged that this conclusion is contrary to the second finding of fact, not embraced within the signed decision of the court, but found upon the request of the plaintiff and stated outside of the deci-

sion, it must be answered that, since the amendment of the Code of Civil Procedure in 1894 (Laws 1894, c. 688), a trial court or referee is without power to find facts not embraced within the decision signed; and in case a court or referee assumes to find and state facts outside of the signed decision, which are inconsistent with the facts admitted in the pleadings and those found in the signed decision, the facts found and stated outside of the signed decision will be disregarded on appeal.

The burden was on the plaintiff to prove on the trial that the requisite amount of consents had not been obtained, and the burden is on her to demonstrate by the record on this appeal that the conclusions of law of the trial court are unsupported by the facts admitted in the pleadings and by the facts found, and are unsound. This burden is not successfully borne.

The judgment should be affirmed, with costs. All concur, except WARD, J., not voting.