(28 Misc. Rep. 285.)

## OSTERHOUDT v. OSTERHOUDT.

(Supreme Court, Special Term, New York County. July, 1899.)

DIVORCE—CUSTODY OF CHILDREN.

    The custody of daughters, respectively aged 16 and 11, who have lived with the mother from their infancy, will be awarded to her on the granting of a divorce to the father for her fault in marrying and living with another after obtaining a void divorce decree in a foreign state, when she is guilty of no other misconduct, and is shown to be a safe custodian, and abundantly able to provide for them.

Action for divorce by Harris P. Osterhoudt against Ella H. Oster-
houdt.

William M. Mullen and John L. Brower, for plaintiff.
Eldon Bisbee, for defendant.

RUSSELL, J.    The acts of the defendant in marrying another man
while her husband was alive, and living with that other, were un-
justifiable, and give to the plaintiff the right to a divorce.    No juris-
diction was ever gained in the district court of North Dakota to dis-
solve the marriage tie between the plaintiff and the defendant, resi-
dents of the state of New York.    Were no other considerations,
therefore, involved, the plaintiff would not only be entitled to be
freed by judgment of this court from the defendant, but would also
have the control and custody of the two minor children, both daugh-
ters, aged, respectively, 16 and 11.    Apart, however, from the con-
sideration of the rights of the father, and the forfeiture of claim to
her children by the defendant on account of her own acts, stands the
more important matter to be decided, so far as the custody of these
children is concerned, as to what is best for their future.    The wishes
of the parents are of minor importance.    Cook v. Cook, 1 Barb. Ch.
639;  Waring v. Waring, 100 N. Y. 572, 3 N. E. 289;  McGown v.
McGown, 22 Misc. Rep. 307, 49 N. Y. Supp. 996, affirmed 29 App.
Div. 628, 53 N. Y. Supp. 1108.    These two young girls appeared as
witnesses upon the trial, and expressed a strong preference for living
with their mother.    It was a very natural wish under the circum-
stances.    The plaintiff had suffered his wife to reside in Utica with
the two daughters, he paying occasional visits, and more infrequently
receiving visits from them.    The mother, being possessed of prop-
erty, largely maintained herself and children, and is evidently able
to continue to do so, while the circumstances of the father are more
straitened, he working for a moderate salary in the city of New York.
Under these conditions the natural tenderness of children for their
father would not have the full opportunity for expansion and develop-
ment which would have been the case had the family resided together.
These daughters are at an age when the tender guidance of a mother
is of incalculable advantage, and should only be lost to them by her
death or misconduct.    No such misconduct appears on her part as
would justify the court in banishing them from her presence.    The
plaintiff concedes upon the witness stand that he knows of no reason
why the mother is not a perfectly safe custodian for the children, ex-
cept the one charge of her subsequent marriage, and continued living
with a man who is not her husband, although she regards him as such.
The children evidently respect the mother and this man who occupies
the relation of a husband to that mother.    As there is no perceptible
harm in their living with the defendant, and so the system of nurture
and education, which has so far produced beneficial results, may be
safely continued, and as the plaintiff by his own sufferance has per-
mitted the mother in the years of infancy and childhood to guide and
shape the characters of these children, I think their best welfare lies
in remaining with the mother for the greater period of time, subject
to the right of the father to their frequent companionship away from

the home of the mother, which is now alien to him, so that he may promote the mutual feelings of respect and love which should exist between children and their father, and enable them in after years to choose for themselves with which parent they will identify their existences, if choice becomes imperative.   Let counsel agree upon the form of a judgment to carry out the principle indicated herein, if possible to do so, and, if not, submit their views, with a proposed decision and judgment.

Ordered accordingly.