THE PEOPLE ex rel. MAHAR W. DECKER, Relator, v. JEHIEL W. DECKER, County Treasurer of Sullivan County, Respondent.

(County Court, Sullivan County, August, 1899.)

**Liquor Tax Law — Resubmission of local option in Sullivan county.**

>    A resubmission of the question of local option is void unless the electors of the town, to the number of ten per centum of the votes cast at the next preceding general election, petition therefor in the manner required by statute (Laws of 1896, chap. 112, § 16).
>
>    In this respect, no distinction exists between the county of Sullivan and the other counties of the State of New York; and neither chapter 439 of the Laws of 1897 providing that town elections in Sullivan county shall be held at the same time as general elections, nor section 7 added to said chapter 439 by chapter 497 of the Laws of 1898, have changed the rule.

·CERTIORARI to review the action of the county treasurer of Sullivan county for a refusal to issue a liquor tax certificate to the relator.

T. A. Niven, for relator.

P. W. Cullinan, for respondent.

SMITH, J.   The relator presented to the county treasurer of Sullivan county a petition and bond for a liquor tax certificate, under subdivision 2 of section 11 of the Liquor Tax Law, on the 5th day of July, 1899.   The county treasurer refused to issue a certificate authorizing him to sell liquor under said subdivision and indorsed upon the petition and statement therefor his reasons for such refusal in the following language:

>                                                   "*July 5th,* 1899.
>
>    "The statement of Mahar W. Decker, for liquor tax certificate under sub-division two of the Liquor Tax Law, is hereby rejected for the reason that the vote in the Town of Fallsburgh on the Local Option of the Liquor Tax Law at the Fall Election of 1898, was carried against the issuing of a liquor tax certificate under sub-division two.        J. W. DECKER, *Co. Treasurer.*"

On the eleventh day of July following, the relator procured this writ to review the action of said treasurer.   The facts upon

which the application is based are undisputed. Briefly, they are as follows: The Liquor Tax Law (Laws of 1896, chap. 112) went into effect on the 23d day of March, 1896. It provided for the submission of the local option questions under section 16 at the annual town meeting occuring next after March 23, 1896. The next annual town meeting in the town of Fallsburgh where the relator resides was held in March, 1897. The questions under section 16 were then submitted to the voters and the question relating to the sale of liquor under subdivision 2 of section 11 was carried in the affirmative.

The act further provides for the submission of the same questions at the town meeting held in every second year thereafter, *provided,* the electors of the town to the number of ten per centum, etc., shall request such submission.

In May, 1897, a special law (Chap. 439) was passed changing the date of the annual town elections in Sullivan county and providing that they should be held at the same time as the general elections. Under this act, as it was amended by chapter 497 of the Laws of 1898, the annual town meeting which would have been held in the spring of 1899, was held in November, 1898. Section 7 of said act provides that the questions relating to the sale of liquors in the several towns of Sullivan, Orange and Rockland counties shall be submitted at the general election in the year 1898, and the liquor tax certificate issued as provided by the Liquor Tax Law.

The town clerk of the town of Fallsburgh submitted the questions under section 16 at the town meeting held in that town in November, 1898, and thereafter certified the result of such vote to the county treasurer in which he stated that the vote upon the second question under section 16 had been carried in the negative. No petition was filed with the town clerk as provided by the Liquor Tax Law requesting such submission. The county treasurer bases his refusal upon such vote and certificate following the requirements of section 16. The relator contends that the vote in the fall of 1898 was illegal and void for the reason that no petition was presented to the town clerk requesting the submission of the local option questions as the statute provides. Whether or not such a petition was necessary, the counsel for the county treasurer concedes, constitutes the only question to be determined in this proceeding.

Under section 16 of the Liquor Tax Law the question of local

option was to be voted upon in the spring of 1897, and it could not again be legally submitted to the voters unless a petition requesting such resubmission was filed with the town clerk. It seems to be clear that the filing of the petition was made a condition precedent to a legal vote upon such questions after the same had been once submitted. Section 16 expressly provides for calling a special town meeting in case the town clerk fails to file the petition in the prescribed time, a thing entirely unnecessary if the vote would be legal without such petition. My conclusion, therefore, is that the questions relating to local option under the Liquor Tax Law could not be lawfully voted upon after the first submission unless a petition requesting such vote was filed. I find nothing in the cases cited by the attorney for the respondent conflicting with these views. They merely hold that errors or irregularities in the petition and mistakes of the town clerk do not vitiate such election.

The next question is whether or not this provision of section 16, requiring a petition to be presented, has been changed by chapter 497 of the Laws of 1898.

The original act was passed in 1897, and contained no reference to local option, but when it was amended by the above chapter, a section (7) was added which has caused this controversy, and which reads as follows: " The questions relating to the sale of liquors in the several towns in the counties of Sullivan, Orange and Rockland, as prescribed in section sixteen of the liquor tax law, shall be submitted to the voters of such towns at the general election in the year eighteen hundred and ninety-eight, and the liquor tax certificate shall be issued in such towns pursuant to the vote upon such questions, as now provided by the liquor tax law. Such questions may be again submitted in such towns, at the town meetings to be held at the time of the general election in the year nineteen hundred and one, and bi-ennially thereafter and liquor tax certificates shall be issued pursuant to the vote upon the questions so submitted, as provided by the liquor tax law." The learned counsel for the respondent contends that the object and purpose of this statute was to amend the provisions of the Liquor Tax Law relative to the local option questions, and to provide a different method of submitting those questions in the counties affected by the act. That is, that in those counties no petition was necessary. For several reasons I am unable to agree with him upon the construction of this act.

*First.* The language of the act itself will bear no such construction. It provided that: " The questions shall be submitted, and the certificate shall be issued, as now provided by the Liquor Tax Law." Leaving out unnecessary phrases, the sentence can be reduced to the above form, and by reference to the punctuation used — a comma after " submitted " and " issued " — it would seem that the clause " as now provided by the Liquor Tax Law," relates as much to the first clause, *i. e.,* the questions shall be submitted, as to the last, *i. e.,* the certificate shall be issued. According to this construction, the section provides that the questions shall be submitted as now provided by the Liquor Tax Law. That is, a petition must be presented as a condition precedent to such submission.

*Second.* Section 7 of the act of 1898 nowhere mentions anything about a petition, and if the construction contended for by the learned counsel should be followed, it would be unnecessary to file any petition at any of the future elections held under the act in the towns named. The last sentence says that the questions may again be submitted in 1901, and biennially thereafter. If no petition is necessary, then the important question of local option would rest entirely with the town clerk or other officer whose duty it is to provide the ballots at town elections, and he alone could say whether the people in the towns affected by the act should vote upon this question. Counsel for the respondent contends that the evident intention of the Legislature was to make special provision for submission during the period from 1898 to 1901, and thereafter have the provisions of the general act apply. But why? For what reason should the general act apply after 1901 any more than before that time? One submission had already been had in 1897, and the expression of the voters obtained, and it is difficult to see for what reason any other absolute submissions were necessary in the counties named any more than in other counties of the State.

Furthermore, the section says nothing about any petition, and it cannot be construed to mean that a petition was not necessary at the first election, but should be filed for subsequent ones.

*Third.* This act was not intended to make any change in the general statute upon the excise question. It was passed as its title shows, " to provide for the holding of annual town meetings and elections in the counties of Rockland, Orange and Sullivan." At first it was entirely silent upon the question of local

option, but under the peculiar language of the Liquor Tax Law, providing that " the same questions shall be again submitted in the same way at the town meetings held in every second year thereafter," some doubt seems to have arisen in the Legislature as to how this act would be affected by the local act changing the date of the town elections, and hence the addition of section 7 when the act was amended.

I conclude, therefore, that the act of 1898 does not amend or alter the general provisions of the Liquor Tax Law with reference to local option in the several towns of Sullivan, Orange and Rockland counties; that a petition as provided in section 16 of the general act was necessary as a condition precedent to a valid submission of the local option questions in said towns at the town elections in 1898, and as no such petition was filed with the clerk of the town of Fallsburgh prior to such election, the vote upon the second question submitted was invalid. It follows that the relator is entitled to an order directing the county treasurer to issue to him a liquor tax certificate on payment of the fees therefor.

Ordered accordingly.