ODELL, Appellant, v. AMES et al., Respondents. (Supreme Court, Appellate Division, Second Department. March 28, 1900.) Action by William H. Odell against Allen Ames and others. No opinion. Order affirmed, with $10 costs and disbursements.

OPITZ, Appellant, v. HAMMEN et al., Respondents. (Supreme Court, Appellate Division, Second Department. March 13, 1900.) Action by Emil Opitz, as executor of the last will and testament of Frederick Hammen, deceased, against Emma Hammen, impleaded with others. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed. Richard Cohn, for appellant. James P. Judge, for respondents.

WOODWARD, J. This action was brought to obtain a judicial construction of the will of Frederick Hammen, deceased, and to have it adjudged and determined whether the plaintiff herein, as executor and trustee, took the real estate left by the decedent under his will as devisee, subject to the right of dower of the defendant Emma Hammen, widow of the decedent, and whether she had a right of dower therein in derogation of said trust, and freed from the control of the plaintiff, executor and trustee, or whether she shall make her election to take the provision made for her in and by said will, or her dower as provided by law. The said defendant demurred to the amended complaint served on the 18th day of November, 1898, on the ground that it did not state facts sufficient to constitute a cause of action, and upon the argument the learned trial court sustained the demurrer. From the judgment entered this appeal is taken. The complaint, in substance and effect, is the same as in that of Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868 and the fact that that case passed through this court and was decided in the court of appeals without the suggestion being made that the action could not be maintained is a sufficient warrant for holding that the complaint did contain the necessary averment of facts, and the demurrer should have been overruled. The court below has already construed the will, as we believe, correctly, under the rule laid down in the Konvalinka Case, supra; and, as there can be no controversy over the facts, judgment should have been entered accordingly. The judgment appealed from should be reversed, and the demurrer overruled, with costs.

O'ROURKE, Respondent, v. BOLLES, Appellant. (Supreme Court, Appellate Division, First Department. March 16, 1900.) Action by Andrew O'Rourke against Charles J. Bolles. J. J. Allen, for appellant. R. L. Turk, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

OSTERHOUDT, Respondent, v. OSTERHOUDT, Appellant. (Supreme Court, Appellate Division, Second Department. March 20, 1900.) Action by Harris P. Osterhoudt against Ella H. Ousterhoudt. No opinion. Judgment affirmed on argument, without costs and disbursements. See 59 N. Y. Supp. 797.

PARKER, Appellant, v. WILLARD STATE HOSPITAL, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 27, 1900.) Action by Florence F. Parker against the Willard State Hospital. No opinion. Order affirmed.

In re PARKWAY. (Supreme Court, Appellate Division, First Department. January 12, 1900.) In the matter of Mosholu Parkway. No opinion. Motion to confirm report granted.

PELL, Respondent, v. FULLER, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 27, 1900.) Action by Charles E. Pell, as surviving partner, etc., against Norman J. Fuller. No opinion. Order affirmed, with $10 costs and disbursements. See O'Brien v. Traction Co., 31 App. Div. 632, 52 N. Y. Supp. 322.

PEOPLE v. PECK. (Supreme Court, Appellate Division, First Department. March 9, 1900.) Proceedings by the people of the state of New York against Ellen E. Peck. No opinion. Motion denied. See 62 N. Y. Supp. 1144.

PEOPLE ex rel. COLLINS, Respondent, v. KRAFT, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 21, 1900.) Proceedings by the people of the state of New York, on the relation of Jay Collins, against John Kraft, as superintendent, etc.

PER CURIAM. Order reversed, with costs. *Held*, that the civil service law does not require an agent of the state, authorized to employ a man and team to work upon the canals (as one employment), to give preference to a man who owns or can furnish a team suitable for such employment, because of the fact that he is an honorably discharged soldier; that the employment contemplated by the statute refers to and includes only the personal services of the man, and not the services or use of his property which may be necessary or required in the employment. *Held*, also, that in this case the services of the team were a substantial part of the employment, and not merely incidental to the services of the man, and that the civil service law has no application.

PEOPLE ex rel. DECKER, Respondent, v. DECKER, Appellant. (Supreme Court, Appellate Division, Third Department. March 7, 1900.) Proceedings by the people of the state of New York, on the relation of Mahar W. Decker, against Jehiel W. Decker, county treasurer. No opinion. Order affirmed, with $10 costs and disbursements. See 60 N. Y. Supp. 60.