SCHULTHEIS *v.* MCINERNY *et al.*

(*Supreme Court, General Term, First Department.*    March 13, 1891.)

1. REFERENCE—FINDINGS OF REFEREE—SETTING ASIDE.

On a trial before a referee, proposed findings were submitted to him by each of the parties, upon which he stated the disposition made by him of each proposition, and returned them to the respective attorneys, and reported his findings of fact and conclusions of law, not including findings so made at the request of the parties. *Held,* that there was a failure to comply with Code Civil Proc. N. Y. § 1022, requiring the report of a referee to state the facts found by him, and that the case should be sent back to him to make a report, including all the facts found by him.

2. SAME—COSTS ON APPEAL.

On appeal from an order refusing to set aside such a report, it appeared that the respondent had offered to appellants to consent to an order sending back the report for such correction. *Held,* that the reversal of the order of the court below should be without costs.

Appeal from special term, New York county.

Action by Christian H. Schultheis against Thomas McInerny and others. The only defendants who appeared in the action were the Lorillard Brick-Works Company, Georgiana F. Webster, and William R. Albertson. On trial of the action before a referee the plaintiff and the defendants named each proposed separate findings of fact and conclusions of law, and submitted them to the referee. He marked on the margin the disposition by him of each proposition, and returned the proposed findings to the attorneys of the respective parties, and made a report which did not contain all the findings made by him at the request of the parties. Defendants Georgiana F. Webster and the Lorillard Brick-Works Company appeal from an order denying a motion by them to set aside the referee's report.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Charles H. Klebisch,* (*Henry Wehle,* of counsel,) for appellants.    *Townsend Wandell,* for respondent.

VAN BRUNT, P. J. It is conceded upon the papers submitted upon this appeal that the referee did not include in his report all the facts found by him. This clearly made his report irregular, because by section 1022 of the Code it is provided that the decision of the court or the report of the referee upon the trial of the whole issue of fact must set out the facts found and the conclusions of law. This is an express direction that the facts found must be set out in the decision or report, and the reason for this is apparent, because an appeal may be taken, and such appeal founded upon errors contained in the report itself, viz.: That the conclusions of law do not follow from the facts found by the referee; and, in order that the appellant may bring up this question, it is necessary that there should be contained in the report or decision all the facts found. An inspection of section 1023 reinforces this view, as it is there provided that either party may request findings of fact, and the referee is bound to mark on the margin of the papers submitted his rulings upon such requests, which papers may be returned to the parties, and never enter into the judgment roll, and only come before the court as part of the case, if a case is made and annexed to the judgment roll. Therefore it is apparent from this section also that the facts found by the referee, no matter whether at the request of one side or the other, must be incorporated in his report. This court

has repeatedly refused to entertain appeals, wnere it appeared that this provision of the Code had not been complied with. We think, therefore, that the case should have been sent back to the referee in order that he might make a report complying with the provisions of the Code, including therein all the facts found by him. It is true no such relief was asked specifically in the order to show cause, but the order asked for such further or other relief as might be just, and under this provision the court had authority to make the order suggested. It appearing that the respondents have offered to the appellants to make such an order, the reversal of the order in the court below should be without costs, and an order should be made sending the case back to the referee, in order that he may make a report in which shall be included all the facts found by him. All concur.