### LIVINGSTON *et al.* v. MANHATTAN RY. CO. *et al.*

*(Superior Court of New York City, Special Term.* June, 1891.)

REFEREE'S REPORT—FINDINGS AND CONCLUSIONS OF LAW—PRACTICE.

The superior court of New York city, not having adopted the rule promulgated by the supreme court requiring a referee to insert in his report all his findings and conclusions of law, will not direct the insertion therein of findings and conclusions on the requests of the defeated party, as this would prevent well-arranged findings, and, besides, they may be printed in the appeal, and the case disposed of as if all were in the report.

Action by Morgan L. Livingston and Silvia Livingston against the Manhattan Railway Company and the Metropolitan Elevated Railway Company. Defendants move to set aside the report of the referee, or to send it back to him, with directions that he include in it all the findings and conclusions of law made by him.

*Olin, Rives & Montgomery,* for plaintiffs. *Davies & Rapallo,* for defendants.

McADAM, J. Until the ruling in *Schultheis* v. *McInerny,* (Sup.) 13 N. Y. Supp. 684, the time-honored practice was for the referee to find such facts as he deemed necessary to sustain his conclusions, and to pass upon the requests submitted by the adverse party. Both were printed in the appeal-

[1] 19 Atl. Rep. 347.

book, and the case was disposed of as if all the findings had been written upon one sheet of paper. This practice worked well, while the innovation compels the referee to put together a mass of matter not necessary to sustain his conclusions, and to an extent inharmonious as well as cumbersome. The referee may be innocently led into tautology and verbiage. Many of the findings which the defendant asks to have inserted in the report are repetitions of findings already in the report, with verbal alterations. Judges would not permit their opinions to be marred in this way, nor would they consent that the requests to charge in a case be interpolated into their charge as delivered to the jury in the first instance. It is putting upon trial judges and referees a work of supererogation which has little to commend it. Some requests are refused; others granted. To select those from the mass, and insert them literally, would lead to the introduction of sufficient disjointed matter to destroy the harmony of well-arranged findings. Notices of settlement, resettlement, and of motion follow as a consequence, until chaos takes the place of order, and verbiage the place of well-written English. The requests to find in favor of a defeated party are made with a view to support a result opposed to the conclusion reached, and it is a difficult task to endeavor to produce harmony by playing two different tunes on the same fiddle at the same time. The rule is one of practice,—of form rather than of substance,—which each court may regulate for itself, and until this court adopts the new rule promulgated by the supreme court it is well to follow the old practice. Motion to set aside report of referee, or to send the matter back to him with directions to amend his report, denied, but without costs.