(25 Civ. Proc. R. 59.)

## In re HAVEMEYER'S ESTATE.

(Surrogate's Court, New York County. August, 1895.)

REFERENCE — SURROGATES' COURTS — FINDINGS OF FACT AND CONCLUSIONS OF LAW.

Laws 1894, c. 688, amending Code Civ. Proc. § 1022, by omitting the requirement that a referee, in making his decision, must state separately the facts found and the conclusions of law, does not apply to referees in the surrogates' courts, though Code Civ. Proc. § 2546, declares that the provisions of the Code applicable to a reference by the supreme court shall apply to references in the surrogates' courts, since section 2545 still requires the surrogate to file separately his findings of fact and conclusions of law.

Accounting by the executor of the will of Mary J. Havemeyer, deceased. The parties to the proceeding move for an order to send back the report of the referee for correction, and to require him to state his findings of fact and conclusions of law separately. Granted.

Butler, Stillman & Hubbard, for the executor.

FITZGERALD, S. A referee was appointed herein by the surrogate, under section 2546 of the Code of Civil Procedure, to examine the accounts of the executor, and to hear and determine all questions arising upon the settlement of said accounts which the surrogate had power to determine. The referee filed his report, and also three sets of proposed findings of fact and conclusions of law which had been passed upon by him upon their submission by the parties. The report or decision does not state separately the findings of fact and conclusions of law made by the referee, nor does it contain any of the proposed findings of fact and conclusions of law passed upon by him, although they were filed with it and the opinion of the referee in this office. This is a motion made by parties in interest for an order sending the report or decision back for correction, and directing the referee to state therein separately the facts found, and the conclusions of law, and also to embody and include therein all the findings of fact and conclusions of law heretofore found by him at the request of either or any of the parties herein. Section 1022, prior to its amendment by chapter 688 of the Laws of 1894, provided that the court or referee, in making a decision upon trial of the whole issues of fact, must state separately the facts found, and the conclusions of law. Section 2546, at the time of such amendment, declared—and it has never since been changed—that the provisions of the Code applicable to a reference by the supreme court apply to

a reference by this court, so far as they can be applied in substance, without regard to the form of the proceeding. Section 1022, as amended, provides that the court or referee, upon the trial of the whole issues of fact, may file a decision stating concisely the grounds upon which such issues have been decided, and direct the judgment to be entered thereon. It is claimed that under sections 2546 and 1022, as amended, the referee herein is not required to make findings of fact and conclusions of law. The claim, I think, is untenable. Section 2545 requires the surrogate, upon the trial of an issue of fact, to file in his office his decision in writing, which must state separately the facts found, and the conclusions of law. It would be highly improbable to suppose that the legislature, by the amendment mentioned, intended to create the anomalous condition of relieving referees appointed by this court from making the findings which are exacted from the court itself. The purpose was, no doubt, to simplify and improve the practice, for the benefit of the courts mentioned in section 1022, as well as for the benefit of referees appointed by such courts; and these courts are indicated by section 3347, subd. 7, of the Code. I think the application of the amendment is confined to these last-mentioned courts, and has no reference to this court or its referees. The referee should also embody in his decision all the findings of fact and conclusions of law found by him at the request of any of the parties. Nobis v. Pollock (Sup.) 6 N. Y. Supp. 273; Schultheis v. McInerny (Sup.) 13 N. Y. Supp. 684.

Application granted.

---

(13 Misc. Rep. 480.)       In re RAY'S ESTATE.

(Surrogate's Court, Madison County. July, 1895.)

LEGACY TAXES—EXEMPTION.

    Laws 1892, c. 399, § 2, exempting from the transfer tax a legacy to the "husband of a daughter" of testator, includes the husband of a deceased daughter, though he has remarried.

Proceeding to subject to the transfer tax the estate of Lydia C. Ray, deceased.

M. E. Barlow, for George H. Munger.