(115 App. Div. 168)

### HUDSON & M. R. CO. v. WENDEL et al.

(Supreme Court, Appellate Division, First Department.   October 19, 1906.)

1. REFERENCE—FINDINGS OF FACT—INCLUSION IN REPORT.

Under Code Civ. Proc. §§ 1022, 1023, authorizing the submission to a referee, by the parties, of questions of fact to be passed on by him, and requiring his decision to state separately the facts found, which decision shall be a part of the judgment roll, the findings of the referee must be included in his decision; the filing of a separate paper showing the facts found at the parties' requests not being sufficient.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Reference, § 134.]

2. APPEAL AND ERROR—DETERMINATION—REVERSAL—TECHNICAL DEFECTS.

The allowance by a referee of certain findings of fact requested by defendant were embodied in a separate paper filed with the clerk, though they were not included in his decision, as required by Code Civ. Proc. §§ 1022, 1023. Plaintiff offered a stipulation which was declined, that the requests to find should be annexed to the judgment roll, and that those allowed should have the same effect as though included in the report. No disadvantage to defendant was shown by the error in practice. *Held*, that while an order denying defendant's motion for an amendment of the report so as to show such facts must be reversed, and the report amended, yet such reversal will be without prejudice to any proceedings had since the filing of the report.

Appeal from Special Term, New York County.

Action by the Hudson & Manhattan Railroad Company against Josephine J. S. Wendel, impleaded with others. From an order denying a motion to return a decision to the referee, defendant appeals. Reversed and remanded with directions.

See 98 N. Y. Supp. 341.

Argued before, O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Lewis L. Delafield, for appellant.

Allen Wardwell, for respondent.

PER CURIAM. This is an appeal from an order denying a motion by defendant that a decision be returned to a referee, with instructions to include therein certain facts found by him at the request of the defendant, and not included in the decision as filed. The proceeding was instituted under the condemnation law for the purpose of acquiring title to certain parcels of real estate in the city of New York owned by the appellant. The defendant answered, and the issues raised by her answer were referred to a referee to hear and determine the same. At the close of the trial the defendant submitted to the referee certain requests to find, and of these requests, as to matters of fact, the referee did allow and did find as requested by defendant; but the final report or decision filed by the referee did not contain the findings thus made by him at defendant's request. The defendant thereupon made the motion involved in this appeal, asking that the decision be returned to the referee, and that he be instructed to include therein all facts found by him at the request of the defendant, Josephine J. S. Wendel, and not included in the decision theretofore filed. The plaintiff met this applica-

tion by showing that the referee had filed with the county clerk, on the same day that he had filed his decision, the requests to find submitted to him by appellant, having noted thereon his allowance or disallowance of each of said requests, and that the referee had left the city for an indefinite and uncertain period of time. The plaintiff also offered a written stipulation that said requests to find, with the rulings of the referee thereon, should be included in and annexed to the judgment roll, and that such of said requests as were allowed by the referee should have the same force and effect as if the findings of fact so allowed were incorporated in the referee's report and decision.

No criticism is made as to the form of this stipulation, nor does it appear that the defendant on the motion suggested any other form of stipulation which would have been more satisfactory to her. She stood, and now stands, upon what she deems to be the strict letter of the law, that all the facts found must be included in the decision or report, and that this requirement is not complied with by filing with the report a separate paper containing a statement of facts found by the referee, but not incorporated in his decision. Strictly speaking, the appellant is right in her contention (Schultheis v. McInerny [Sup.] 13 N. Y. Supp. 684; Nobis v. Pollock, 53 Hun. 441, 6 N. Y. Supp. 273), and, although the question may not be of great importance to any one in the present case, yet, since it is squarely presented by the appeal, it must be answered in appellant's favor. We feel bound therefore to reiterate the rule laid down in the cases cited, and clearly authorized by sections 1022 and 1023 of the Code of Civil Procedure, that the decision of a court or the report of a referee upon the trial of the whole issues of fact must contain and state within itself all the facts found by the justice or referee. It follows that the appellant's motion should have been granted, and the order denying it must be reversed. We are not able to perceive, however, and no attempt has been made to show, that, in view of the plaintiff's stipulation, the defendant has been put to any disadvantage by reason of the error in practice of which she complains. She cannot, of course, desire to except to the findings which she herself requested to be made, and the stipulation tendered by plaintiff to her all the advantage of the findings as facts established in the case. We see no occasion to make such an order as will nullify any proceedings which may have been had in the action since the filing of the decision.

The order will therefore be reversed, with $10 costs and disbursements, and the motion so far granted as to direct that the referee's decision be returned to him, with instructions to include therein all facts found by him at the request of the defendant, Josephine J. S. Wendel, and not included in the decision as heretofore filed, and that the decision as so corrected be filed by said referee nunc pro tunc as of the 6th day of July, 1906, without prejudice to any proceedings which may have been had in this action since said 6th day of July, 1906.