(117 App. Div. 519)

### ELTERMAN v. HYMAN.

(Supreme Court, Appellate Division. First Department. February 8, 1907.)

APPEAL—RECORD—SCOPE AND CONTENTS—FINDINGS—INCORPORATION IN DECISION.

Code Civ. Proc. § 1022, provides that the decision of the court on a trial of the whole issue of fact must state separately the facts found and the conclusions of law and direct a judgment thereon, which decision so filed shall form part of the judgment roll. Section 1023 declares that before the case is finally submitted, or within such time afterwards and "before the decision or report is rendered" as the court or the referee allows, the attorney for either party may submit a statement of the facts he deems established and of the rulings on questions of law which he desires the court or referee to make, and thereupon the court or referee shall note in the margin of the statement the manner in which each proposition has been disposed of, and must file or return to the attorney the statement thus noted, but an omission so to do does not affect the validity of the judgment or report, and an exception may be taken to a failure to find any request so submitted. *Held*, that the formal decision directing

the judgment to be entered must contain every finding of fact made by the trial justice, and no fact not so incorporated in the decision forms any part of the judgment roll, nor can the same be considered for any purpose on appeal.

Appeal from Special Term.

Action by Abraham Elterman against Jacob Hyman. From a judgment of the Special Term, dismissing the complaint, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Edward W. S. Johnston, for appellant.

Isidore Wasservogel, for respondent.

SCOTT, J. The plaintiff sues to recover an amount of money paid by him upon a contract for the purchase of real estate and his expenses incurred in examining the title, and to establish a lien therefor. The court below has found the objections to the title to be unsubstantial and insufficient to warrant the plaintiff's refusal to complete the contract, and upon the findings of fact embraced in the decision, all of which find support in the evidence, we conclude that the judgment below dismissing the complaint was right and should be affirmed. It would be unnecessary to say more were it not for the fact that the case presents, in an extreme form, a method of making up the judgment roll and appeal book which is not uncommon, and yet is entirely unauthorized by the Code of Civil Procedure or by the rules of the court.

The appellant calls our attention to certain findings of fact which, as he asserts, are inconsistent with each other, and invokes the well-established rule that, where there are conflicting findings, the appellant is entitled to the one most favorable to himself. The judgment is based upon a written decision signed by the justice who tried the case, and containing findings of fact and conclusions of law. We find no inconsistent findings in this decision. We do find, however, in the appeal book, and apparently bound up as a part of the judgment roll, a paper entitled "Plaintiff's Requests to Find," and containing a request to the justice to find 36 distinct statements of fact, some of which are marked "Found," and some of which are marked "Refused." The inconsistencies upon which appellant relies are said to be between certain of these propositions thus marked "Found," but not embraced in the signed decision, and other findings of fact which are embraced in the formal, signed decision.

We assume, although the fact does not clearly appear, that the words "Found" and "Refused" indicate the disposition made by the justice of the requests presented to him. Section 1022 of the Code of Civil Procedure provides that:

"The decision of the court or the report of a referee upon the trial of the whole issue of fact, must state separately the facts found and the conclusions of law, and direct the judgment to be entered thereon, which decision so filed shall form part of the judgment roll."

Section 1023 provides as follows:

"Before the cause is finally submitted to the court or referee, or within such time afterwards, and before the decision or report is rendered, as the

court or referee allows the attorney for either party may submit in writing a statement of the facts which he deems established by the evidence and of the rulings upon questions of law which he desires the court or referee to make. * * * At or before the time when the decision or report is rendered, the court or the referee must note in the margin of the statement the manner in which each proposition has been disposed of, and must file or return to the attorney the statement thus noted; but an omission so to do does not affect the validity of the decision or report. An exception may be taken to the refusal of the court or referee to find any request thus submitted."

The plain meaning of the Code is that the formal decision directing the judgment to be entered must contain every finding of fact made by the justice, and that no fact not thus incorporated in the decision forms any part of the judgment roll, or case on appeal, or can be considered for any purpose by the appellate courts. No party has the right to present propositions after the cause has been finally submitted to the justice unless his time to do so has been expressly extended, and in any event such propositions must be submitted before the decision, for it is expressly required that they shall be passed upon at or before the decision is rendered, and not afterwards. Being so presented and passed upon, these propositions which are found should be inserted in the decision, and if, by inadvertence, they are omitted therefrom, the decision should be resettled so as to embrace them, and, if the defeated party wishes to take any advantage upon appeal of a finding so made, it is incumbent upon him to see to it that the finding is properly incorporated in the decision. It is only to a refusal to find that an exception lies, and it is only these requests which are refused which have any proper place in the appeal book, unless incorporated into the decision. Although this plain and obvious requirement of the Code of Civil Procedure is seemingly often overlooked, attention has frequently been called to it by appellate courts. Schultheis v. McInerny, 13 N. Y. Supp. 684; Nobis v. Pollock, 53 Hun, 441, 6 N. Y. Supp. 273; O'Brien v. Buffalo Traction Co., 31 App. Div. 632, 52 N. Y. Supp. 322, affirmed 165 N. Y. 637, 59 N. E. 1128; Hudson & Man. R. R. Co. v. Jackson, 115 App. Div. 168, 100 N. Y. Supp. 737. In O'Brien v. Buffalo Traction Co., supra, the precise question arose which is presented by the appellant here, and the court said:

"If it be urged that the conclusion is contrary to the second finding of fact not embraced within the signed decision of the court, it must be answered that since the amendment of the Code of Civil Procedure in 1894 a trial court or referee is without power to find facts not embraced within the decisions signed, and, in case a court or referee assumes to find and state facts outside of the signed decision which are inconsistent with the facts admitted in the pleadings and those found in the signed decision, the facts found outside of the signed decision will be disregarded on appeal."

In Hudson & Man. R. R. Co. v. Jackson, supra, we held very recently that the report of a referee should be returned to him to include in his report findings of fact made at the request of a party, but not included in the report. It follows that upon the record before us the appellant can take no advantage of any supposed inconsistency between the facts as found and embraced in the formal signed decision and those found at his request, but not incorporated into the decision.

Judgment must be affirmed, with costs. All concur.