SAMUEL P. BREMER et al., as Testamentary Trustees under the Will of JOHN L. BREMER, Deceased, et al., Respondents, *v.* THE MANHATTAN RAILWAY COMPANY et al., Appellants.

1. ELEVATED RAILROADS — ACTION BY ABUTTING OWNERS TO RECOVER DAMAGES FOR EASEMENTS APPROPRIATED BY THE RAILROAD COMPANY AND TO RESTRAIN FURTHER INTERFERENCE WITH SUCH EASEMENTS — DEFENSE OF PRESCRIPTIVE RIGHT — EVIDENCE — ERRONEOUS ADMISSION OF SETTLEMENTS WITH OTHER OWNERS. ·Where, in an action brought by abutting owners for damages to their property caused by the construction and maintenance of an elevated railroad in the street in front of their premises, and for an injunction restraining the maintenance and operation thereof, the defendants pleaded as a defense a prescriptive right to maintain their railroad, founded upon more than twenty years of actual occupation under their franchise, it is reversible error to admit, upon the trial, for the purpose of showing that the entry of the defendants was not in hostility to the rights of the plaintiffs in and to the easements of light, air and access, evidence that the defendants had paid damages to and settled with other abutting owners, and also evidence of the returns made by the defendants to the tax commissioners with respect to such settlements; such evidence is incompetent under the established rule (*Hindley* v. *Manhattan Ry. Co.,* 185 N. Y. 335), and it is not distinguished therefrom, or rendered competent, by the fact that, since the original entry, the defendants had increased the length of their trains, changed the method of operation of their road from steam to electricity and for that purpose had laid a third rail and made some trivial changes in the structure, because such changes and increase of use do not constitute such an increase in the extent of user that the plaintiffs might be entitled to damages therefor, or render the evidence admissible to defeat the rights acquired by the defendants, through prescription, to maintain and operate their railroad.

2. PRACTICE — FINDINGS OF FACT AND CONCLUSIONS OF LAW — TRIAL COURT NOT REQUIRED TO INCORPORATE IN ITS DECISION THE DISPOSITION OF REQUESTS TO FIND, PRESENTED BY THE PARTIES. A trial court in making its decision finds such facts as it deems material to the proper disposition of the issues to be determined and on those facts bases its conclusions of law. These are the only facts required to be found in the decision, there being no requirement that the court shall incorporate therein the disposition of the requests for findings of fact and conclusions of law presented by the parties under the authority of section 1023 of the Code of Civil Procedure. These are to be returned to the parties and attached to the judgment roll so that any error in the disposition thereof may be corrected upon appeal, and hence, a contention that the defendants' failure to have their requests to find, so far as they were granted

by the trial court, incorporated in the findings, deprives them of the benefits of such requests on appeal, cannot be sustained.

3. Appeal — When Court of Appeals Has Power to Sever Causes of Action and Reverse the Judgment as to One and Affirm as to the Other.   Where a case on appeal contains two entirely separate and distinct causes of action, it is within the power of the Court of Appeals to sever them and affirm the judgment as to one, though it reverses as to the other; and where the complaint in an action by abutting owners to recover for damages to their property, situated on the corner of two streets, caused by the construction and maintenance of an elevated railroad, states two causes of action: one, for the defendants' entry, by the construction and maintenance of the main line of their railroad, upon the street in front of plaintiffs' premises, which entry was authorized by defendants' franchise and has been confirmed by a prescriptive title acquired by twenty years of actual occupation; the second, for the damages caused by the extension of the railroad structure beyond the main line and into the intersecting street, which entry was without authority and, therefore, a public nuisance, which prescription could not justify even against a private person, and the trial court has rendered judgment awarding to the plaintiffs, for the first cause of action, fee and rental damages and an injunction against the maintenance of the railroad unless the damages assessed for the fee be paid by the defendants; and awarding, for the second cause of action, damages for the injuries caused by the extended structure on the intersecting street and a mandatory injunction directing the removal thereof, such judgment will be reversed as to the first cause of action and affirmed as to the second.

4. Equitable Relief — Discretion of Trial Court — When Exercise of Such Discretion Is Final.   While it was within the discretion of the trial court to refuse equitable relief as to the extended structure, on the intersecting street, upon the ground that it was a public benefit, and remit the plaintiffs to an action for damages, such discretion has been exercised adversely to the defendants and that determination is final.

*Bremer* v. *Manhattan Ry. Co.*, 113 App. Div. 905, modified.

(Argued January 24, 1908; decided March 3, 1908.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 31, 1906, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. Osgood Nichols, Julien T. Davies, Theodore L. Waugh* and *Charles A. Gardiner* for appellants.   The findings are

insufficient to support the judgment. (*Hindley* v. *M. Ry. Co.*, 185 N. Y. 335; *Lewis* v. *N. Y. & H. R. R. Co.*, 162 N. Y. 202; *Jamieson* v. *K. C. E. Ry. Co.*, 147 N. Y. 322; *Witmark* v. *N. Y. E. R. R. Co.*, 149 N. Y. 393.) The judgment is not supported either in part or in its entirety by any findings of fact as to increased user. (*Conabeer* v. *N. Y. C. & H. R. R. R. Co.*, 156 N. Y. 486; Washburn on Easements, 104, 107, 279, 280; *Belknap* v. *Trimble*, 3 Paige, 605; *Quigley* v. *Baker*, 169 Mass. 303; *Prather* v. *W. U. T. Co.*, 89 Ind. 501; *Campbell* v. *I. & V. R. Co.*, 110 Ind. 490; *Day* v. *A. & G. W. R. Co.*, 41 Ohio St. 392; *N. C. & St. L. R. Co.* v. *McReynolds*, 48 S. W. Rep. 258; *Hargis* v. *K. C. C. & S. R. Co.*, 100 Mo. 210.) Appellants have acquired as against the respondents a prescriptive title to the easements appropriated by the portion of the station projecting easterly into Franklin street. (*Lewis* v. *N. Y. & H. R. R. Co.*, 162 N. Y. 202; *Adler* v. *M. E. Ry. Co.*, 138 N. Y. 173; *Driggs* v. *Phillips*, 103 N. Y. 77; *Borden* v. *Vincent*, 24 Pick. 301.) The trial court erred in granting a mandatory injunction in respect to the portion of defendants' structure which extends to the east of the projected easterly building line of West Broadway. (*Knoth* v. *M. R. Co.* 187 N. Y. 243; *Osborne* v. *M. P. R. Co.*, 147 U. S. 249; *Penrhyn Co.* v. *Granville Co.*, 181 N. Y. 80; *New York City* v. *Pine*, 185 U. S. 93; *C., B. & Q. R. R.* v. *Englehart*, 57 Nev. 444; *Smith* v. *Clay*, 3 Brown's Ch. 639; *A. K. & N. Ry. Co.* v. *Barker*, 105 Ga. 534; *Roberts* v. *N. P. Co.*, 158 U. S. 1; *C. & W. C. Ry. Co.* v. *Hughes*, 105 Ga. 1; *P. M. L. Ins. Co.* v. *Austin*, 168 U. S. 685.)

*J. Aspinwall Hodge, Roy M. Robinson* and *Charles O. Brewster* for respondents. The trial court did not err in granting a mandatory injunction in respect to the portion of defendants' structure which extends to the east of the projected easterly building line of West Broadway. (*Hindley* v. *M. R. Co.*, 185 N. Y. 335; *Bryam River Case*, 185 U. S. 93; *Mattlage* v. *El. R. R. Co.*, 67 How. Pr. 232;

*Adler* v. *El. R. R. Co.*, 138 N. Y. 173; *Waldmuller* v. *El. R. R. Co.*, 40 App. Div. 242; *Porth* v. *El. R. R. Co.*, 11 N. Y. Supp. 633; *Auchincloss* v. *El. R. R. Co.*, 69 App. Div. 63; *Knoth* v. *El. R. R. Co.*, 109 App. Div. 802; 187 N. Y. 243.) No question of prescription is raised by the record in this case, for there is no finding of fact showing when the structure was built, or that it has been continuously maintained for twenty years, or that either the entry of the defendants was hostile, or with legislative authority, or under color of title, or that their possession was adverse, or without the consent of the owner of the property, except for the period since January 11, 1896. (*Elterman* v. *Hyman*, 117 App. Div. 519; *Lambert* v. *Huber*, 22 Misc. Rep. 462; *Stevens* v. *Hauser*, 39 N. Y. 302; *Bliss* v. *Johnson*, 94 N. Y. 235; *Ostrom* v. *Greene*, 161 N. Y. 353; *City of Niagara Falls* v. *N. Y. C. & H. R. R. R. Co.*, 168 N. Y. 610.) The burden is upon the appellants not only to show color of title, hostile entry, adverse user and continuous possession, but also the maintenance of the structure and the operation of the road substantially as at present constructed and operated for the entire period of twenty years. This they have failed to do, and both evidence and the findings show increased user during the twenty-year period. (*F. Co.* v. *Hyde Park*, 7 Otto, 668; *Brooks* v. *Curtis*, 4 Lans. 283; 50 N. Y. 639; *Bushey* v. *Santiff*, 86 Hun, 384; *Prentice* v. *Geiger*, 74 N. Y. 341; 4 Kerr on Injunctions [4th ed.], 160; *Heather* v. *Pardon*, 37 L. T. Rep. 393; *Sturges* v. *Bridgman*, 11 L. R. [Ch. Div.] 859; Herbert on Prescription, 187; Jones on Easements, § 201; *Cotton* v. *P. Mfg. Co.*, 13 Metc. 429; *Laughlin* v. *Ward*, Lutw. 111; *Howell* v. *King*, Mod. 190; *Webster* v. *Bach*, Freem. 246; *Skull* v. *Glensiter*, 16 C. B. [N. S.] 81; *Williams* v. *James*, L. R. [2 C. P.] 577; *Hoyt* v. *Kennedy*, 48 N. E. Rep. 1073; *Allan* v. *Conne*, 11 Ad. & El. 759; *Davenport* v. *Lampson*, 21 Pick. 74.) The right to maintain a public nuisance cannot be acquired by prescription. (*Matlage* v. *El. R. R. Co.*, 67 How. Pr. 232; *Porth* v. *El. R. R. Co.*, 11 N. Y. Supp. 633; *Davis* v. *Mayor, etc.*, 14 N. Y. 506;

*People* v. *Kerr*, 27 N. Y. 188; *Callanan* v. *Gilman*, 107 N. Y. 360; *Cohen* v. *Mayor, etc.*, 113 N. Y. 532; *Wakeman* v. *Wilbur*, 147 N. Y. 657; *Renwick* v. *Morris*, 3 Hill, 621; *Driggs* v. *Phillips*, 103 N. Y. 77; *Kelley* v. *Mayor, etc.*, 6 Misc. Rep. 516.)

CULLEN, Ch. J.   This action is brought by an abutter to recover damages to his property occasioned by the construction and maintenance of an elevated railroad on West Broadway, in the city of New York.   In addition to the usual features of such an action it seeks to compel the removal of a portion of the defendants' station which extends into Franklin street beyond the line of West Broadway.   The trial court awarded the plaintiffs a judgment for rental damages and an injunction against the maintenance of the railroad unless the defendants paid the plaintiffs the damages assessed for the fee, and also a mandatory injunction compelling the defendants to remove so much of the station as lay beyond the lines of West Broadway.   The court found the damage caused to the plaintiffs' property by the station extension to be the sum of $1,500, but it gave the defendants no option to retain the structure on payment of said sum.   The judgment having been affirmed unanimously by the Appellate Division an appeal is brought to this court.

The defendants pleaded title by prescription, and it is undisputed on the evidence and found by the trial court that more than twenty years prior to the commencement of the action the defendants entered upon West Broadway under the charter from the rapid transit commission and the acts of the legislature, constructed their road and have ever since maintained and operated it.   To defeat the defendants' claim of title by prescription, and to show that defendants' entry was not in hostility to the rights of the plaintiffs to easements of light, air and access, the plaintiffs proved, over objection and exception, the defendants' payment of damages to and settlements with other abutters and also the returns made by them to the tax commissioners.   The evidence was substantially the same

22

as that offered in *Hindley* v. *Manhattan Railway Company* (185 N. Y. 335), for the admission of which we reversed the judgment in that case. Our former decision renders it necessary to make the same disposition of this case, unless the distinction sought to be drawn by the learned counsel for the respondents between the records in the two cases makes our previous decision inapplicable. It is first urged that in the *Hindley* case the only evidence to defeat the defendants' claim of prescription was the objectionable evidence referred to, while in this case there is other sufficient evidence to support the decision of the trial court. The circumstances of the entry, construction, maintenance and operation of defendants' railroad was the same in both cases. The plaintiffs did, however, prove that since the original entry the defendants had increased the length of their trains, changed the method of operation of their road from steam to electricity and for that purpose had laid a third rail and made some trivial changes in the structure, such as a plank walk by the side of the tracks. On these facts it is contended that the defendants changed the character and increased the extent of the user. If this proposition were conceded it would not support the judgment. The rule doubtless is that a right acquired by prescription is limited to the extent of the use and enjoyment of it during the period of prescription. At the same time, however, if, during the period of prescription, the user is increased but has not been enjoyed for sufficient length of time to give title by prescription, this will not destroy the title acquired to the lesser use. In *Baldwin* v. *Calkins* (10 Wend. 167) it was held that where after flowing lands of another for ten years by means of a dam of a certain height the party by a new dam raised the water higher and flowed more land, he would be justified to the extent of the original flowage after the lapse of twenty years from the erection of the first dam. (See, also, *Shaughnessey* v. *Leary*, 162 Mass. 108.) In the present case the plaintiffs have recovered damages for the total user, not merely for the increased user. In truth, however, we do not regard the increase in the

length or frequency of the trains or in the change of motive power as an increase of user within the doctrine stated. Doubtless an easement to maintain a culvert to drain six acres will not justify the drainage of sixty acres through it; nor will a grant of a right of way to one farm authorize its use as a way to other farms. By improvements on the six acres the flow through the culvert might be rendered much greater and also by improvements on the farm the travel over the right of way might be increased. In neither of these cases, however, would there be, in a true sense, any increase of the user. In the case before us the right asserted and exercised by the defendants was the construction and operation of an elevated railroad track as an entity. The operation and length of the trains were mere details of the right, not substantial elements or limitations of it. The increase in the size of, or injurious changes in, the structure would be an increase of user for which the plaintiffs might seek compensation. In this case they seem trivial; but if the plaintiffs have suffered damage they may recover for such damage, but not for the main structure. Thus we find no evidence in the case to defeat the right acquired by the defendants through prescription to maintain and operate their railroad.

It is next urged that the failure of the defendants to have their requests to find, so far as they were granted by the trial court, incorporated in the findings deprives the defendants of the benefit of such requests on this appeal. We do not thoroughly appreciate the relevancy of this point if well taken, which, in our opinion, it is not. We cannot approve the doctrine of the Appellate Division in *Elterman* v. *Hyman* (117 App. Div. 519), where it was held that so far as the unsuccessful party's requests are found by the trial court he must have them incorporated in the decision of the court in order to avail himself of them on appeal. Section 1022 of the Code of Civil Procedure requires the decision of a court or report of a referee to state separately the facts found and the conclusions of law. By section 1023 each party is entitled to present to the trial court on the submission of the case requests

for findings of facts and conclusions of law, and the court is directed to note in the margin the manner in which each proposition is disposed of and file or return the statement to the attorney presenting it. There is no requirement that the court shall incorporate in its decision the disposition of those questions of law or fact, whether they are favorable or unfavorable to the party presenting them. They are to be returned to the attorney and subsequently attached to the judgment roll. A trial court in making its decision finds such facts as it deems material to the proper disposition of the issues to be determined and on those facts bases its conclusions of law. These are the only facts required to be found in the decision. But the court may err in its judgment that the other facts proved in the case are immaterial and to afford the defeated party an opportunity to correct such an error. the privilege is given to present requests to find. Of course, it would do no harm if the facts so requested and found by the trial court were incorporated in the decision, but we see no necessity that they should be so incorporated. The authority relied on by the learned Appellate Division, that of *O'Brien* v. *Buffalo Traction Co.* (31 App. Div. 632; affd., 165 N. Y. 637), is not in point. As the Code stood at the time that case was tried there was no authority for requests to find nor for action by the court thereon. The defeated party could not go outside of the facts found in the report. He was, therefore, at a great disadvantage on appeal and often injustice was caused by the form of the decision of the trial court. It was to remedy this evil that requests to find were subsequently restored to the practice.

It is not necessary, however, to reverse the judgment before us in entirety. The causes of action created by the defendants' entry upon West Broadway and that created by the extension of the structure into Franklin street beyond West Broadway, are entirely separate and distinct. Therefore, under the decision of this court in *City of Buffalo* v. *Delaware, Lackawanna & Western R. R. Co.* (176 N. Y. 308), it is within our power to sever the two causes of action and affirm the judgment as to one

though we reverse it as to the other. As to this last cause of action the judgment of the Special Term was correct. The defendants acquired no rights by prescription, for they entered under no pretense of right, for this part of the structure was beyond the franchise granted to them. It was, therefore, a public nuisance and prescription could not justify it even as against a private person. (*Renwick* v. *Morris*, 3 Hill, 621; *DeLaney* v. *Blizzard*, 7 Hun, 7.) The case of *Knoth* v. *Manhattan Railway Company* (187 N. Y. 243) is not in point here. There the structure of which the removal was sought was illegal; still on account of the public benefit resulting from it the court refused equitable relief and remitted the plaintiff to his action at law. We held that the Supreme Court had discretion under such circumstances to refuse equitable relief. In this case the court has exercised that discretion adversely to the defendants, not in their favor.

So much of the judgment of the courts below as awards the plaintiffs rental and fee damages for the construction and operation of the railroad on West Broadway must be reversed and a new trial ordered, costs to abide the event. The remaining portions of the judgment should be affirmed, without costs in this court to either party.

GRAY, HAIGHT, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment accordingly.