Greenberg against Harris Ratner, by John T. Ferrall against Antonio Rendina, and by Charles Bjorkegren against Leonard G. Kirk. No opinions. Applications for leave to appeal to Appellate Division denied, with $10 costs in each case. Orders signed.

MALLOY, et al. v. O'BRIEN et al. (Supreme Court, Appellate Division, First Department. May 15, 1908.) Action by James Malloy and others against John O'Brien and another. No opinion. Motion denied, on condition that appellants have appeal ready for argument at the October term. Order filed.

MANHATTAN RY. CO. v. ASTOR et al. (Supreme Court, Appellate Division, First Department. May 8, 1908.) Appeal from Special Term. In the matter of the application of the Manhattan Railway Company for the acquisition of easements belonging to John Jacob Astor and others. From an interlocutory judgment (56 Misc. Rep. 353, 107 N. Y. Supp. 666), John Jacob Astor and others appeal. Affirmed. A. J. Skinner, for appellants. Francis S. Williams, for respondent.

PER CURIAM. Judgment affirmed, with costs.

SCOTT, J. (dissenting). The plaintiff seeks to condemn certain easements of light, air, and access in order to erect, wholly in Houston street, stairways leading to its stations at the intersection of Houston street and the Bowery. It possesses statutory authority to construct and operate an elevated railroad "over, through and along the Bowery"; but I am unable to find that it has express authority to occupy any part of the Bowery for that purpose, and it is now definitely settled that the right to construct such a railroad in a street or avenue does not include the right to encroach upon or use any portion of an intersecting street for the purpose of erecting or maintaining a station and stairways. Bremer v. El. R. R. Company, 191 N. Y. 333, 84 N. E. 59. When a corporation claims the right to acquire lands under a delegation of the power of eminent domain, it must show express authority of law to justify the claim. Rensselaer & Saratoga R. R. Co. v. Davis, 43 N. Y. 146. The street which it is now proposed to occupy was not a part of the route of the railroad as originally authorized, and has not been included in or added to the route by any competent authority, and for that reason I am unable to find any authority to acquire property rights in Houston street, upon which a proceeding of this nature can be based. The recommendation of the Railroad Commissioners upon which reliance is placed merely goes to the extent of recommending that additional stairways be constructed at the Houson Street station. It does not specify that they shall be constructed in Houston street, and it appears that they can be constructed in the Bowery, which is within the petitioner's authorized route. No consent or approval has been obtained from the late Rapid Transit Commission, or the present Public Service Commission, or any local authority. I am therefore of opinion that the petitioner has failed to show any authority to occupy Houston street for the construction of the stairways, and

110 N.Y.S.—72

hence cannot acquire the appellants' property therein by the right of eminent domain. The interlocutory judgment should be reversed, and the petition dismissed.

MANISCALCO, Respondent, v. SLAMOWITZ, Appellant. (Supreme Court, Appellate Division, Second Department. April 24, 1908.) Action by Paul Maniscalco against Abraham Slamowitz. No opinion. Motion to dismiss appeal granted, with $10 costs.

MANISCALCO, Respondent, v. SLAMOWITZ, Appellant. (Supreme Court, Appellate Division, Second Department. April 24, 1908.) Action by Paul Maniscalco against Abraham Slamowitz. No opinion. Motion denied.

MANN v. COLLIER et al. (Supreme Court, Appellate Division, First Department. May 1, 1908.) Action by William D. Mann against Peter F. Collier and another. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

MANUFACTURERS' COMMERCIAL CO. v. BLITZ. (Supreme Court, Appellate Division, First Department. May 1, 1908.) Action by the Manufacturers' Commercial Company against Henry Blitz. No opinion. Motion denied, with $10 costs. Order filed.

MARGOLIS, Respondent, v. WALPOFF, Appellant. (Supreme Court, Appellate Division, Second Department. May 1, 1908.) Action by Max Margolis against Anna Walpoff. No opinion. Appeal dismissed, without costs.

MARK, Appellant, v. FRITSCH et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. May 6, 1908.) Action by J. Howard Mark against William Fritsch and another. No opinion. Judgment and order affirmed, with costs.

MARTIN, Respondent, v. HELLER et al., Appellants. (Supreme Court, Appellate Division, First Department. April 24, 1908.) Action by Theodore R. Martin against Harry Heller and another. H. Goldstein, for appellants. H. Smith, for respondent.

PER CURIAM. Judgment and order affirmed, with costs. Order filed.

INGRAHAM and CLARKE, JJ., dissent, on the ground that plaintiff was guilty of contributory negligence.

MAYER, Respondent, v. COMMONWEALTH TRUST CO., Appellant. (Supreme Court, Appellate Division, First Department. May 1, 1908.) Action by Charles W. Mayer against the Commonwealth Trust Company. D. G. Herrick, for appellant. E. Conway, for respondent. No opinion. Order modified, by vacating stay, and, as so modified, affirmed, without costs. Order filed. See 109 N. Y. Supp. 27.

M. D. WILLIAMSON CO., Respondent, v. FITTICHAUER et al., Appellants. (Supreme Court, Appellate Division, First Department.