(68 Misc. Rep. 389.)

GERKEN et al. v. INTERBOROUGH RAPID TRANSIT CO. et al.

(Supreme Court, Special Term, New York County. July, 1910.)

EMINENT DOMAIN (§ 119*)—OCCUPATION OF STREET BY ELEVATED ROAD—CONSTRUCTION OF ADDITIONAL TRACK.

An elevated road entered upon a street in the city of New York under a franchise giving it the right to build a structure in front of plaintiff's premises sufficient to carry three tracks, and thereafter built the structure and laid two tracks thereon. *Held*, that its subsequent installation of a third track and the increasing size and frequency of its trains did not constitute an additional burden beyond the rights acquired by the user.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 304–314; Dec. Dig. § 119.*]

Action by George H. Gerken and Henry L. Gerken against the Interborough Rapid Transit Company and others for injunction and damages. Complaint dismissed.

Skinner & Bermant and A. J. Skinner, for plaintiffs.
Julien T. Davies and Theo. L. Waugh, for defendants.

AMEND, J.   Plaintiffs seek to restrain the defendants from maintaining and operating an elevated railroad in front of premises No. 1400 Third avenue, in the borough of Manhattan, owned by the plaintiffs, and for damages caused by the defendants' structure to the plaintiffs' easements of light, air, and access.   The premises in question are situated between Seventy-Ninth and Eightieth streets, and consist of a lot of land with a brick building erected thereon, built prior to the erection of the defendants' road, which commenced operation in December, 1878.

As originally constructed the railroad in front of the plaintiffs' premises was built upon an elevated structure, supported by iron columns and containing two tracks, with a clear open space of 14 or 15 feet between the tracks.   The height of this structure from the street to the base of the rails was about 24 feet.   In 1887 a third track was installed upon the defendants' road in the open space between the other two tracks.   Since 1891 this track has been used for express service.   In 1891 the train service on the defendants' road was extended from its northerly terminus at One Hundred and Twenty-Ninth street over an elevated railroad structure running through a part of the borough of the Bronx, formerly owned and operated by the Suburban Rapid Transit Company.   In April of that year that company leased its road to the defendant Manhattan Railway Company, which in turn later leased both roads to the defendant Interborough Rapid Transit Company.   From 1891 to 1897 passengers on the road formerly owned by the Suburban Rapid Transit Company were transferred to cars at One Hundred and Twenty-Ninth street, which carried them to their destination over the defendants' road; but in the latter year a through service was established, and since that time passengers have been carried over both roads without change of cars.

The entry upon Third avenue in front of the plaintiffs' premises was made under a franchise authorizing the construction and operation of the road.   This franchise was given to the defendant New York Elevated Railroad Company, and passed in succession to the other defendants to this action.   It in part consisted of certain preambles and resolutions, accepted by the defendant New York Elevated Railroad Company and ratified by the commissioners of rapid transit pursuant to authority given to them by law.   These resolutions, among other things, provided that the defendants' structure from Bowery and Third avenue to East One Hundred and Twenty-Ninth street should be for three tracks.   Forming another part of this franchise, there was a resolution of the commissioners of rapid transit giving authority "for the construction of such * * * connections, landing places, stations and other appliances upon the route or routes * * * as shall be proper for the purpose of rapid transit railways, and as shall be necessary to meet the requirements of the traveling public."   Since the road commenced operation it has increased the length and number of its trains and has changed its motive power from steam to electricity.   No complaint was made by the plaintiffs or their predecessors in title to the appropriation of their easements of light, air, and access by the defendants until the institution of the present action in September, 1904.

125 N.Y.S.—3

The defendants contend that the entry upon Third avenue was made under the color of title conferred by their franchise, which embraced the installation of the third track and the extension of train service on their road, and that, the easements of the plaintiffs having been appropriated by such entry and held by the defendants in open hostility to the plaintiffs and their predecessors in title for a period of upwards of 20 years, they have now acquired title to the same by prescription. The plaintiffs, upon the other hand, claim that by installing a third track and extending the road northward from One Hundred and Twenty-Ninth street and by increasing the number and length of their trains and changing their motive power from steam to electricity the defendants have imposed an additional burden upon their premises, which changed the character and increased the extent of the defendants' user, and that in consequence they are entitled to sue for damages caused by the entire structure.

The right asserted by the defendants was the construction and operation of an elevated railroad as an entity, and the operation and length of trains and the motive power used to propel them were mere details of the defendants' right, and not substantial elements or limitations of it. Bremer v. Manhattan R. Co., 191 N. Y. 333, 84 N. E. 59. If the defendants exceeded their right of user by the installation of a third track and the extension of their road, the plaintiffs' cause of action would be not for the total, but merely for the increased user. Bremer v. Manhattan R. Co., supra. In such an event it would be difficult to determine the amount of the plaintiffs' damages. The changes impress me as slight and trivial as far as the plaintiffs' premises are concerned, and I think it quite improbable that the fee and rental value of their property would be greater if the third track and extension of the road did not exist. If the plaintiffs' damages are merely nominal, a court of equity is not the forum in which they should seek redress, as equity is concerned only with real and substantial violation of rights.

I am satisfied, however, that the changes mentioned did not exceed the defendants' right of user. Their franchise gave them the right to build a structure in front of the plaintiffs' premises which would be capable of sustaining three tracks. This franchise has been held valid by the Court of Appeals. Matter of N. Y. El. R. R. Co., 70 N. Y. 327. Under it they entered upon Third avenue and built the structure in question. It is doubtless true that plaintiffs could not thus be deprived of the easements appropriated by the defendants; but this does not affect the defendants' claim that the entry and appropriation of the easements, however unlawful, were made under a color of title. As a third track might be installed under their franchise, it follows that its installation does not increase the user or impose an additional burden upon the plaintiffs' property.

Likewise the extension of the defendants' train service was within the rights conferred by their franchise. The propriety and necessity of their making a connection between their two lines of railroad to meet the requirements of the traveling public cannot be seriously questioned. If the defendants continue to transfer passengers at One Hundred and Twenty-Ninth street, it could not be contended that no

connection between their lines had been established; and to hold, under the circumstances, that the change in system in installing through service over both roads increased the user embraced in their franchise, would, in my opinion, but establish a right more fanciful than real, and create a fiction for the basis of a cause of action which otherwise could not exist.

Complaint dismissed, with costs.