198

## AMERICAN ELASTICS, Inc. v. UNITED STATES.

### Civ. 36–145.

United States District Court
S. D. New York.

April 5, 1949.

Gordon, Brady, Caffrey & Keller, New York City (Leo Brady, Leroy C. Curtis, New York City, of counsel), for plaintiff.

John F. X. McGohey, U. S. Atty., Harold· Raby, Asst. U. S. Atty., New York City, for defendant.

RIFKIND, District Judge.

Plaintiff moves, after judgment, for four categories of relief. I shall treat them seriatim.·

1. A new trial, pursuant to Federal Rules of Civil Procedure, rule 59(a), 28 U.S.C.A.

One ground assigned for this motion is that of "new evidence". Significantly, plaintiff does not mention "newly discovered evidence". The "new evidence" consists of defendant's "memorandum for the files" dated March 15, 1945. The uncontradicted affidavit of the Assistant United States Attorney, appearing for the defendant, states that a copy of this memor-

andum was furnished the plaintiff many months before the trial. Moreover, it is without significance. It is merely a record of the advice given by one officer of the defendant to his colleague "that a qualified expert from the Department inspect the material now held by the purchaser to determine what percentage of the goods conformed to the samples submitted, and if the merchandise as a whole is inferior to the samples as claimed". The second ground assigned in support of the application relates to the offer of the plaintiff to prove that it had no knowledge of the meaning of the numeral "6" on the Chicago contract. Such proof of ignorance would not in any way affect the result. Both grounds are wanting in merit; the application for a new trial is therefore denied.

2. An amendment of the judgment, pursuant to Rule 59(e), to mention the proposed findings submitted by the plaintiff as one of the papers considered by the court.

This application is founded upon a confusion of New York with federal practice, complicated by a misunderstanding of both.

It is the practice in New York courts for each litigant to submit proposed findings of fact which the judge is required to pass upon, endorsing each finding with the legend "Found" or "Not Found". N.Y. Civil Practice Act, § 439. These findings are made part of the judgment roll upon which appellate review is based. N.Y. Rules of Civil Practice, Rule 202; Bremer v. Manhattan Ry. Co., 1908, 191 N.Y. 333, 340, 84 N.E. 59.

In federal practice proposed findings submitted by counsel are no more than informal suggestions for the assistance of the court. Only those findings made by the judge form part of the record on appeal, Knaust Bros. v. Goldschlag, D.C. S.D.N.Y.1939, 28 F.Supp. 188, affirmed without opinion, 2 Cir., 1941, 119 F.2d 1022, and the Court of Appeals for this circuit has strongly admonished the district judges to prepare their own findings. Petterson Lighterage & Towing Corp. v. New York Cent. R. Co., 2 Cir., 1942, 126 F.2d 992, 996.

To incorporate in the judgment a recital that proposed findings were considered by the court would, therefore, accomplish nothing, since those proposed findings are not part of the record on appeal.

Such a recital would be improper for two additional reasons. Rule 54(a) of the Federal Rules of Civil Procedure provides, "A judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings." In this district, the recitation of papers considered has not been the practice within my recollection. Secondly, even under the New York practice, where the proposed findings do form part of the record, a recital of the matter here requested is not made in the judgment. N.Y. Rules of Civil Practice, Rule 185; see City Bank Farmers Trust Co. v. Cannon, 1942, 265 App. Div. 863, 38 N.Y.S.2d 245.

The application for the amendment of the judgment in the manner indicated is denied.

3. Amendment of the findings of fact in three respects.

This application is granted in part. The sentence beginning on 84 F.Supp. 195 of my opinion dated January 19, 1949, "Plaintiff requested a sample, which was furnished from a ten pound lot of samples sent by the Chemical Warfare Service to the Treasury agency" is changed to read, "Plaintiff requested a sample, which was furnished from a ten pound lot of samples sent by the Dryden Rubber Company, Keokuk, Iowa, to the Treasury agency". The next succeeding sentence which now reads, "Unknown to either agency of defendant, this sample was not representative of the goods" is changed to read, "Unknown to the Treasury agency, this sample was not representative of the goods".

The opinion also contains the following sentence referring to the numeral 6 in the Chicago contract: "What this meant and whether plaintiff knew what this meant were not proved". Plaintiff requests this sentence be modified to read as follows: "What the numeral 6 meant was not known at the trial by plaintiff, his attorneys, or defendant's attorneys, and was not proved, but defendant's attorney conceded

·that the numeral 6 was a code used by defendant, the meaning of which had not been known to plaintiff": He bases his request on an alleged concession by defendant's counsel. My trial notes do not disclose such concession. This branch of the application is, therefore, denied.

4. An order, pursuant to Rule 62(b), staying the execution of or any proceedings to enforce the judgment herein pending the disposition of the within motions.

Since the motions have now been decided there is no occasion for this relief, which is accordingly denied.